41496. BROWN v. HOLLOWAY.
41497. FREEMAN v. HOLLOWAY.

FRANKUM, Judge. These cases came to this court on writs of error complaining of the judgment of the Juvenile Court of Sumter County finding the plaintiffs in error, Alex Brown, Jr., aged 16, and Robertina Freeman, aged 15, to be in a state of delinquency and committing them to State Youth Development Centers at Augusta, Ga. (formerly the Georgia State Training School for Colored Boys and Georgia State Training School for Girls, respectively), under the provisions of the Juvenile Court Act (Ga. L. 1951, p. 291 et seq.), as amended. In the brief of counsel for the plaintiffs in error it is conceded that the evidence authorized the juvenile court judge to find

that the plaintiffs in error had violated a State law, and that they were, therefore, in a state of delinquency, and counsel expressly abandoned the assignment of error respecting that portion of the judge's order so finding. Under the provisions of *Code Ann.* § 24-2421, when a child within the jurisdiction of the juvenile court is found to be in a state of delinquency, the juvenile court may commit the child to the custody or the guardianship of a public or private agency authorized to care for the child. The institutions to which the plaintiffs in error were committed are such institutions. See the Act approved March 14, 1963 (Ga. L. 1963, p. 81 et seq.; *Code Ann. Ch.* 99-201). The juvenile court did not abuse its discretion in committing the plaintiffs in error to the respective institutions.

*Judgments affirmed. Bell, P. J., concurs. Hall, J., concurs specially.*

SUBMITTED OCTOBER 6, 1965—DECIDED OCTOBER 25, 1965.

*Warren C. Fortson,* for plaintiffs in error.

*Jack Murr, Solicitor,* contra.

HALL, Judge, concurring specially. While I concur in the judgment of affirmance, I am troubled by the difficulty of an appellate review of a juvenile court judgment. Under the Georgia law when the court finds a child within its jurisdiction "in a state of delinquency," the court has several alternatives to provide for care and treatment "as the court may deem to be for the best interests of the child." The means of care and treatment mentioned in the statute include commitment to the custody of a public or private institution authorized to care for children, for an indeterminate period. Ga. L. 1951, pp. 291, 303 (*Code Ann.* § 24-2421).

The court in its order made two findings which by statute (*Code Ann.* § 24-2408) gave it jurisdiction: (1) that the children had violated a state law; (2) "that the behavior, environment, and associations of the children are such as to endanger their health, morals and general welfare, as well as that of others in the community."

Upon the above findings the court also declared the children

to be delinquent within the meaning of the laws of the State. Accordingly, reciting that it was the court's belief that it was to the best interest and welfare of the children and that of society as a whole, the court ordered the children committed to the Georgia State Training School. The plaintiffs in error concede the finding that the children had violated a State law was supported by the testimony before the court and was sufficient to give the court jurisdiction.

The plaintiffs in error contend that commitment of the children to the State institution, when the evidence did not show that the best interests of the children required special corrective treatment in an institution rather than in the homes of their parents, was contrary to the intent and purposes of the juvenile laws of the State, and was therefore not authorized.

It has been observed that, not only does the Georgia statute fail to define delinquency, but it gives the court the power to deal in the same way with all the different categories of children under its jurisdiction. "The court's full range of disposition is legally applicable to every case before it, whether it be one of delinquency, neglect or otherwise. On its face, the statute allows a neglected child to be sent to the State Training School and a delinquent child to be committed to the State Department of Family Services." Trotter, The Georgia Juvenile Court Act of 1951, 26 Ga. Bar J. 411, 423. It is arguable that commitment to the State Youth Development Center should be restricted for repeated child offenders or for children with one law violation of a character immediately endangering other members of the community. The only standard provided by the statute, however, for the method of care and treatment selected by the court is "the best interest of the child." Applying the test applicable in other legal proceedings, this court can only determine whether there is any evidence to support the finding that the method selected by the court in the case was in the best interests of the children.

Without the benefit of a statutory definition of "delinquency," or "state of delinquency," we must look to the whole statute for the legislative intent as to what facts and circumstances place a child in a "state of delinquency." We would gather that

the legislature thought of the first three categories of children mentioned in *Code Ann.* § 24-2408, over which it gave the juvenile court jurisdiction, as in a "state of delinquency."

Under the statutes of some states it is required, for commitment, not only that the child be delinquent, but also that the parent or legal guardian has failed to provide the proper parental care. 43 CJS 229, § 98; 31 Am. Jur. 322, § 46. However, the Georgia statute is so loosely drawn that the most minor violation of some obscure municipal ordinance would give the juvenile court jurisdiction over a child and might authorize his or her commitment to the State Youth Development Center.

It cannot be said that under the terms of the statute the trial court erred in ordering for the care of these children as it did. The assignment of error here presents problems that should be dealt with by the legislature.